UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| IRMON C. WILLIAMS #317017, | ) |
| Plaintiff, | ) Case No. 2:08-cv-285 |
| v. | ) Honorable R. Allan Edgar |
| JENNIFER GRANHOLM, et al., | ) |
| Defendants. | ) |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Governor Jennifer Granholm and MDOC Director Patricia Caruso. The Court will serve the complaint against Defendants Warden Gregory McQuiggin, Deputy Warden Linda Tribley, Assistant Deputy Warden William Leutzow, Gloria Hill R.N., Dr. Richard Miller, Kathleen Hornton R.N., .Resident Unit Manager Kathy Meni, Assistant Resident

Unit Supervisor Tammy Gajewski, Assistant Resident Unit Supervisor Brandon Sweeney, Assistant Resident Unit Supervisor Gina Healey, Assistant Deputy Warden Dan Lesatz, Resident Unit Manager William Jondreau, Assistant Resident Unit Supervisor Darren Gerard, and Resident Unit Officer Robert Majourn.[1]

**Discussion**

I.   Factual allegations

Plaintiff Irmon C. Williams #317017, an inmate at the Baraga Maximum Correctional Facility (AMF), alleges in his complaint that he has suffered from severe asthma for most of his life which causes him to suffer serious, and at times near fatal, asthma attacks. Plaintiff has been incarcerated within the MDOC since July 2, 2002, where he has been treated for his asthma by MDOC medical personnel and emergency room personnel. On June 13, 2005, Plaintiff was assessed by Michael R. Engelsgierd, M.D., who gave Plaintiff a special accommodation notice requiring that he (1) be housed in a tobacco free housing unit (2) in a ground floor room, and that he be (3) assigned to a bottom bunk for the duration of his incarceration. Plaintiff claims that he was transferred to AMF on May 9, 2006, and that Defendants have since violated his special accommodation notice, which has caused him to suffer numerous severe asthma attacks. Plaintiff seeks both damages and equitable relief.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

---

[1] Plaintiff also names Corrections Officer John Doe, who cannot be served because Plaintiff has failed to provide his name.

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some

other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Granholm and Caruso were personally involved in the activity which forms the basis of his claim. Defendants Granholm and Caruso only roles in this action involve the failure to act. Defendants Granholm and Caruso cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Granholm and Caruso are properly dismissed for lack of personal involvement.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Granholm and Caruso will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants McQuiggin, Tribley, Leutzow, Hill, Miller, Hornton, Meni, Gajewski, Sweeney, Healey, Lesatz, Jondreau, Gerard, and Majourn.

An Order consistent with this Opinion will be entered.


Dated:      1/9/09                          /s/ R. Allan Edgar
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE